UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, a
foreign corporation

                Plaintiff,

v.                                Case No: 2:13-cv-606-FtM-29DNF

JOSEPHINE PIERCE, THOMAS O.
PIERCE, RE/MAX FLORIDA,
LLC, a foreign corporation,
ENRIQUE CABALLERO, as
plenary guardian of the
person and property of the
incapacited ward, Damien
Garcia, GISELLE ARIAS, as
mother and guardian of GG
their minor daughter,
THOMAS O. PIERCE, P.A., and
RE/MAX, LLC, a foreign
corporation,

                Defendants.
_____

**ORDER**

This matter comes before the Court on review of the Complaint for Declaratory Relief and Demand for Jury Trial (Doc. #4[1]) filed on August 21, 2013.[2] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between

---

[1] The originally filed Complaint (Doc. #1) was redacted from the public docket as it contained sensitive information.

[2] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

the parties.[3] (Id., ¶¶ 2-3.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

As to the amount in controversy, plaintiff seeks a declaratory judgment as to its coverage responsibility with regard to an automobile accident that left Damien Garcia permanently disabled, and totally incapacitated physically and mentally. (Doc. #4, ¶ 37.) When a party seeks declaratory relief, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)(citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 218-20 (11th Cir. 1997)). In such a case, the Court examines the coverage limits under the insurance policy, the amount of damages sought in the underlying lawsuit, and the pecuniary value of the obligation to defend. Clarendon Am. Ins. Co. v. Miami River Club, Inc., 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006). The policy limit for a covered auto is $300,000 for any one accident. (Doc. #4-1, Exh. A, p.

---

[3] Plaintiff also cites 28 U.S.C. §§ 2201 and 2202 as a basis for jurisdiction, however the Declaratory Judgment Act does not itself confer jurisdiction on the federal courts. Jolly v. United States, 488 F.2d 35, 36-37 (5th Cir. 1974).

6.) The underlying state court complaint only alleges the circuit court minimum of $15,000.00. (Doc. #4-2, Exh. B – Part 1.) The damages likely exceed $75,000 based on the injuries and the policy limit; however it is not clear from the allegations.

Plaintiff alleges that it is an Ohio corporation with its principal place of business in Columbus, Ohio. (Doc. #4, ¶ 4.) Plaintiff identifies defendant Thomas O. Pierce, P.A. as a "Florida corporation" licensed to conduct business in the State of Florida with a principal place of business in Florida. (Id., ¶ 7.) A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff has sufficiently pled its own citizenship, however the citizenship of defendant Thomas O. Pierce, P.A. is unclear. This defendant appears to be a professional association and unincorporated associations "do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010). If a corporation, the allegations are still insufficient as the place of incorporation is not identified.

Plaintiff further alleges that defendants Josephine Pierce, Thomas O. Pierce, Damien Garcia, Enrique Caballero as guardian for the incapacitated Damien Garcia, and Giselle Arias as

3

guardian for the minor child G.G. are all residents of Florida. (Doc. #4, ¶¶ 5-6, 10-12.)  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the individually named defendants.

Plaintiff also names RE/Max, LLC and Re/Max Florida, LLC as corporations even though they appear to be limited liability companies.  As LLCs, plaintiff must identify the members or the citizenship of the individual members of the limited liability company because a limited liability company is a citizen of any state of which a member is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004).

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #4) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of August, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record